# SOUTHERN RAILWAY COMPANY *v.* CAMPBELL.

## ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 53.   Argued November 4, 1915.—Decided November 15, 1915.

Where the only questions are whether the carrier's rule was applicable to the case and was properly applied, this court is not concerned with the reasonableness of the rule.

Whether a rule of the carrier in regard to forfeiture of mileage books is reasonable is a question for the Interstate Commerce Commission.

Where the carrier's own rule provides that the mileage book can be forfeited if presented for passage by anyone other than the original purchaser the carrier cannot forfeit the book because the original purchaser presents it for transportation of someone other than himself.

The state court does not deny a Federal right to a railroad company by simply holding it strictly to its own terms in connection with mileage books.

94 So. Car. 95, affirmed.

THE facts, which involve the right of a railroad company to forfeit a mileage book, and the construction of the rules under which such a book was issued in this case, are stated in the opinion.

*Mr. John K. Graves*, with whom *Mr. L. E. Jeffries* was on the brief for plaintiff in error:

In the opinion of the Supreme Court of South Carolina no reference is made to the schedules, applicable in this case, governing the sale and issuance of mileage books and mileage exchange tickets, in force in pursuance of the Act to Regulate Commerce.   The effect of this act on the ordinary rules of common law apparently was not considered.

It is not entirely clear on what ground or grounds the South Carolina court rested its opinion. It seems to hold that the book and the ticket should not have been forfeited because the husband, the original purchaser of the mileage book, in presenting them for his wife without fraud, was not violating the provision as to forfeiture, since the book and ticket were presented by the original purchaser.

The court also seems to hold that the acts of the various agents in exchanging the coupons for the exchange tickets were such acts as to waive the provision as to forfeiture. The provision of the tariff was clearly applicable in this case, and the decision of the South Carolina Supreme Court in violation of its terms was clearly erroneous.

In support of the contentions of plaintiff in error, see *Armour Packing Co.* v. *United States,* 209 U. S. 56; *B. & O. R. R.* v. *Hamburger,* 155 Fed. Rep. 849; *B. & O. S. W. R. R.* v. *Evans,* 82 N. E. Rep. 773; *Bitterman* v. *Louis. & Nash. R. R.,* 207 U. S. 205; *B. & M. R. R.* v. *Hooker,* 233 U. S. 97; *Chi. & Alton R. R.* v. *Kirby,* 225 U. S. 156; *Gulf, C. & S. F. R. R.* v. *Hefley,* 158 U. S. 98; *Ill. Cent. R. R.* v. *Henderson Elevator Co.,* 226 U. S. 441; *Kans. City R. R.* v. *Albers,* 223 U. S. 573; *Kans. City S. R. R.* v. *Carl,* 227 U. S. 639; *Marche* v. *Central R. R.,* 21 I. C. C. 195; *M., K. & T. R. R.* v. *Harriman,* 227 U. S. 657; *Newton Gum Co.* v. *C., B. & Q. R. R.,* 162 C. C. A. 341; *N. Y. Cent. R. R.* v. *United States,* 212 U. S. 500; *Penna. R. R.* v. *International Coal Co.,* 230 U. S. 184; *St. Louis S. W. Ry.* v. *Burckett,* 229 U. S. 603; *Southern Ry.* v. *Harrison,* 119 Alabama,' 539; *Tex. & Pac. Ry.* v. *Mugg,* 202 U. S. 242; *Tex. & Pac. R. Co.* v. *Abilene Cotton Co.,* 204 U. S. 426; *United States* v. *Miller,* 223 U. S. 599.

*Mr. John G. Capers,* with whom *Mr. William G. Sirrine* was on the brief for defendant in error.

Mr. Justice Hughes delivered the opinion of the court.

This suit was brought by Samuel J. Campbell against the Southern Railway Company to recover damages for the wrongful forfeiture of the plaintiff's mileage book. The Company sought to justify the forfeiture under its tariff regulations which had been duly filed with the Interstate Commerce Commission. The defense was overruled by the state court. 94 So. Car. 95.

The admitted facts are these: On November 20, 1910, Mr. Campbell, being the owner of a thousand-mile coupon book, or mileage book, purchased another mileage book of the same sort from the agent of the Southern Railway Company at Greensboro, North Carolina, and thereupon presented both books to the agent of the Company and obtained, in exchange for coupons, two 'mileage exchange tickets' to Greenville, South Carolina. With these tickets he and his wife traveled to Greenville, the tickets being accepted by one of the Company's collectors. A few days later he presented his mileage books to the agent of the Company at Greenville and obtained, for the proper number of coupons, two exchange tickets to Greensboro. When he presented these tickets for the transportation of himself and his wife, the ticket collector asked if he had mileage books and required him to produce them. Upon looking at the books the ticket collector returned one of them to Mr. Campbell but forfeited the other, which contained unused coupons for six hundred miles. The exchange ticket, which had been issued for the coupons taken from the book, was also forfeited, and the ticket collector demanded and received payment in cash of the fare for the plaintiff's wife.

The tariff regulations and conditions which related to mileage books, or mileage tickets, and were filed with the Interstate Commerce Commission were as follows:

"Exchange Requirement.—Mileage coupons (except as

noted below) will not be honored for passage on trains or
steamers or in checking baggage (except from non-agency
stations and agency stations not open for the sale of
tickets) but must be presented at ticket office and there
exchanged for continuous passage ticket, which continu-
ous passage ticket will be honored in checking baggage
and for passage when presented in connection with the
mileage ticket.

"Non-Transferable.—If a mileage ticket or ticket is-
sued in exchange for coupons therefrom be presented to
an agent or conductor by any other than the original pur-
chaser, it will not be honored but will be forfeited, and
any agent or conductor of any line over which it reads
shall have the right to take up and cancel such ticket or
tickets."

A jury was waived, and the case was submitted to the
trial judge upon a stipulation that if judgment went for
the plaintiff he should recover the value of the mileage
book (twelve dollars) and twenty-five dollars damages.
Judgment was entered accordingly.

We are not concerned with the reasonableness of the
rule; that, if challenged, would be a question for the
Interstate Commerce Commission. The question now is
as to the application of the rule. Nor need we consider
the right of the ticket collector to demand payment for
the transportation of the plaintiff's wife. The case, as
the state court said, turns upon the right to forfeit the
mileage book with its unused coupons.

The condition expressed in the rule is that the mileage
book, or mileage ticket, as it is termed, shall be presented
by the original purchaser. The plaintiff was the original
purchaser and presented it. The Company seeks to con-
strue the rule as if it read that the mileage book should be
forfeited if presented by the original purchaser for the
transportation of a person other than himself. The rule
does not so read. It was not made a ground of forfeiture

that the original purchaser asked for more than he was entitled to get. For example, when the plaintiff presented his books at the station to procure tickets for himself and wife in exchange for coupons, it could not be said that he forfeited either of the books, or both, because he asked too much. He was in no different position when he produced the books before the conductor, with the tickets which the Company's agent had given him in exchange for coupons. He was still the original purchaser, and the provision for forfeiture when the mileage book is presented by some one else does not hit the case.

We cannot say that the state court denied a Federal right when it held the Railway Company strictly to its own terms.

*Judgment affirmed.*