SYDNEY C. WEINSTEIN, Plaintiff, *v.* THE LONG ISLAND RAILROAD COMPANY, Defendant.

Municipal Court of New York, Borough of Queens, Small Claims Part, November 1, 1935.

*Sydney C. Weinstein,* for the plaintiff.

*Louis J. Carruthers* [*William A. Colton* of counsel], for the defendant.

KEITH, J. This action is based upon a claim which is stated in the notice to defendant to be: " Conversion of commutation ticket on or about May 7, 1935. Breach of contract." The facts as agreed upon between the parties are as follows:

The plaintiff purchased from the defendant on or about the 1st day of May, 1935, a sixty-trip monthly commutation ticket good for sixty continuous trips during the month of May, 1935, on the trains of the defendant operating between Brooklyn (Flatbush avenue) and Morris Park, when used by the purchaser. The plaintiff signed his name on the face of the ticket which was punched so as to show that the lawful holder thereof was a male.

The ticket contained sixty squares on the face thereof numbered consecutively, one of which was intended to be punched for each ride.

Thereafter, on the 7th day of May, 1935, a woman offered the ticket to a collector of the defendant in payment of her transportation on defendant's train. The collector, in accordance with defendant's tariff filed with the Public Service Commission and the rules and regulations contained therein, took the ticket from the woman and collected the correct fare from her.

The ticket is now in the possession of the defendant and it denies that the plaintiff is entitled to the return thereof or any refund on account of the purchase price thereof.

The provisions of the defendant's tariff applicable to the within case are as follows:

### " RULES AND REGULATIONS

" 1. Application of tariff. The fares, rules and regulations published in this tariff will apply in the sale, acceptance and use of Monthly and Month and a Half Commutation and School Commutation Tickets, and Family Tickets between stations on The Long Island Rail Road Company. * * *

" 2. * * *

" 3. * * *

" 4.

" 5. Sixty-trip monthly and ninety-trip month and a half commutation tickets. (a) Subject to tariff regulations, a sixty-trip monthly or ninety-trip month and a half commutation ticket is good for sixty or ninety single continuous trips, respectively, in either direction between the stations named on the ticket during the period for which it is issued, for the *sole use* of the person in whose name it is issued. Sixty-trip monthly commutation tickets are good only for the *calendar month* for which issued. * * *
*These tickets are not transferable, and if presented by any person*

*other than the one named thereon it will be taken up and forfeited.*
(See Rules 7 and 8.)

" (b) A monthly or month and a half commutation ticket must be purchased personally by the person who is to use it and signature in Roman (English) script affixed with pen and ink at time of purchase. (See Rule 7.)

" Exception. \* \* \*

" (c) Identification of holder as original purchaser must be established by signature to the satisfaction of any agent, conductor or collector whenever requested. \* \* \*

" 6. \* \* \*

" 7. \* \* \*

" 8. Forfeiture of tickets. (a) A ticket of signature form, issued for the sole use of a designated person sold under this tariff shall be forfeited if altered in any manner, \* \* \* or by its tender for any other person than the purchaser whose personal signature in Roman (English) script must be affixed to the ticket, or by refusal or failure of the purchaser to identify himself or herself by signature."

The defendant is correct in its contention that the provisions of the tariff became part of the contract between the parties and is binding upon the plaintiff. It is also correct in its contention that the reasonableness of the tariff cannot be considered by this court. I think the attorney for the defendant is in error, however, when he says that the provisions of the tariff schedules are clear and unambiguous, but if they be, I am not at all satisfied that they mean what the defendant contends they mean.

It will be noted that subdivision 5 in regard to sixty-trip monthly commutation tickets provides that " the ticket shall be for the *sole use* of the person in whose name it is issued," and that " these tickets *are not transferable* and if presented by any person other than the one named thereon it will be taken up and forfeited." To my mind the prohibitory part of this regulation is to be found in the phrase " these tickets are not transferable." The statement " if presented by any person other than the one named thereon, it will be taken up and forfeited " is only a statement as to the penalty imposed for the violation of the regulation in the transferring of the ticket by the holder thereof. It does not seem to me that this regulation was intended or does apply to a case where the ticket was either lost by the lawful holder thereof or stolen from him; otherwise why need the regulation mention the fact that these tickets are not transferable? If this phrase was eliminated, then it might be that the ticket could be forfeited because there would be an express pro-provision of forfeiture whenever the ticket was presented by any one

but the holder thereof. Whether such regulation was reasonable or not, it could probably be enforced, as this court may not go into the reasonableness of the regulations. However, the question before me now is as to the true meaning of the regulation. As above stated, what seems to be prohibited is the transferring of the ticket by the holder and owner thereof. The provisions as to the taking up of the ticket by the defendant collector and its forfeiture applies only to cases where the ticket has been wrongfully transferred, not where it has been lost by reason of the holder's negligence or stolen. These tariff regulations of the railroad companies where a penalty or forfeiture is involved are strictly construed. In the case of *Southern Railway Co.* v. *Campbell* (239 U. S. 99), cited on defendant's brief, the Supreme Court of the United States held: " where the carrier's own rule provides that the mileage book can be forfeited if presented for passage by anyone other than the original purchaser the carrier can not forfeit the book because the original purchaser presents it for transportation of someone other than himself."

In view of the interpretation I have made of this rule and regulation of the defendant's tariff, judgment will be awarded the plaintiff for the sum of four dollars and ninety-six cents.